UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-22318-Civ-WILLIAMS/TORRES

KANAYO DERHEM,

    Plaintiff,

v.

BAY HOUSE MIAMI CONDOMINIUM
ASSOCIATION, *et al.*,

    Defendants.

_____/

### ORDER DENYING DEFENDANTS' MOTIONS FOR SANCTIONS

This matter is before the Court on Defendants BAY HOUSE MIAMI CONDOMINIUM ASSOCIATION, INC. (the "Association"), MIKE DESIMONE, JOSHUA PAUL, JAMES PINKERT, ALEJANDRO ENRIQUE UTRERA BADENES, and SEAN ZAHNISER motions [D.E. 101, 102, 103, 104, 105, 106] for sanctions filed under Fed. R. Civ. P. 11. Plaintiff responded in opposition to the motions on June 25, 2011 [D.E. 116] and Defendants replied on July 16, 2021 [D.E. 119-121]. After careful consideration of the motions, response, replies, relevant authority, and for the reasons discussed below, Defendants' motions are **DENIED** without prejudice.

### *I.   BACKGROUND*

This is a housing discrimination action in which Plaintiff filed a First Amended Complaint ("FAC") against Defendants, pursuant to the Fair Housing Act of 1968, the Civil Rights Acts of 1866 and 1871, the Florida Civil Rights Act, the Florida

1

Condominium Act, and supplemental claims under state common law. [D.E. 35]. According to the FAC, Plaintiff purchased a condo unit from the Association in February 2019 and makes many allegations against the Association and the individual Defendants involving their alleged discrimination against her for being a black transgender woman. The allegations include delaying the closing of her condo, imposing unwarranted fines against her, deactivating her key fob, not allowing her to run for the condo board, saying derogatory things against her, her family, and her guests, and not allowing her to rent her unit out as an Airbnb. Each motion argues that sanctions are warranted for various reasons, but they are each grounded in arguing that Plaintiff's claims are frivolous for not being supported by facts to establish such claims.

## II.  ANALYSIS

### A.  *Rule 11 Sanctions Standard*

"Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis v. Carl*, 9106 F.2d 533, 538 (11th Cir. 1990) (emphasis in original). Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d

1252, 1254 (11th Cir. 1996) (quoting *Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)).  Federal Rules of Civil Procedure 11(b)(1) and 11(b)(3) state:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .  Fed. R. Civ. Pro. 11(b)(1), 11(b)(3).

Additionally, Federal Rule of Civil Procedure 11(c)(1) states the following:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Fed. R. Civ. Pro. 11(c)(1).

"In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous in view of the facts or law and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would've been aware had he made a reasonable inquiry.  If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound.  The reasonableness of the inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the [violative document]; . . . or whether he depended on forwarding counsel or another member of the bar."

*Worldwide Primates, Inc.*, 87 F.3d at 695 (quoting *Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992)); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001).  "Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law."  *Baker v. Adelman*, 158 F.3d 516, 524 (11th Cir. 1998) (citations omitted).

### B. *The Motions are Premature*

Upon review of the supporting record, there is certainly a valid basis to argue that, if true, Plaintiff's entire case may lack all factual foundation and could demonstrate bad faith litigation that warrants material sanctions.  But these motions are presently unpersuasive for at least two independent reasons.  First, the motions represent an improper attempt to convert a dispute over the factual allegations and legal arguments in Plaintiff's complaint into a sanctions dispute. Defendants' motions are an alternative remedy to seek disposition on the merits of this case via Rule 11.  Yet, a Rule 11 motion is not an avenue to either seek repleading under Rule 12 or to seek judgment on the merits of a case under Rule 56. Instead, its purpose is to determine whether a party or attorney has abused the judicial process.  *See Bigford v. BESM, Inc.*, 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012) ("'Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.'") (quoting *In re New Motor Vehicles Canadian Export Antitrust*

4

*Litigation*, 244 F.R.D. 70, 74 (D. Me. 2007) (denying Rule 11 motion without prejudice to its renewal "if and when [Defendant] obtains summary judgment") (citations omitted)); *see also Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 417-21 (S.D.N.Y. 2003) (discussing that Rule 11 sanctions are not a substitute for motions for summary judgment). Yet, much of the arguments in the pending motions focus on how vague and implausible the FAC's allegations are – which are issues properly addressed on a motion to dismiss. Indeed, the record shows that motions to dismiss have been filed that sets forth those same contentions under Rule 12, where they belong.

As the plain language of Rule 11 indicates, "an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that a court document "is not being presented for an improper purpose", "the claims, defenses, and other legal contentions are warranted by existing law," and the "factual contentions have evidentiary support . . . ." Fed. R. Civ. Pro. 11(b). If that turns out to be not the case, as evidenced by the Court granting a Defendant's dispositive motions, then sanctions relief would then be appropriate. Because Defendants are pursuing this particular relief under the guise of Rule 11 motions, Defendants' motions must be **DENIED** without prejudice.

Second, and relatedly, Defendants' motions must be denied because it is premature at this stage of the litigation. As the Eleventh Circuit has found, Rule 11 sanctions are ordinarily not determined until the *end* of a case:

> Although the timing of sanctions rests in the discretion of the trial judge, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or

shortly thereafter.

*Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) (quotation marks and citation omitted). The Eleventh Circuit's position is consistent with the Rules Advisory Committee that "anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation. . . ." Fed. R. Civ. P. 11 (Advisory Committee Notes, 1983 Amendment); *see also Lichtenstein v. Consolidated Serv. Group, Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) (emphasizing that "[c]ourts should, and often do, defer consideration of certain kinds of sanctions motions until the end of [the litigation] to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits. This is a sensible practice where [as here] the thrust of the sanctions motion is that institution of the case itself was improper"); *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 2000 WL 528633, at *1 (S.D.N.Y. May 2, 2000) (denying Rule 11 motion without prejudice "to renewal at conclusion of litigation"); Wright and Miller, Federal Practice and Procedure: Civil 3d § 1337.1 (2004) (stating that when "the challenged conduct is the institution of the action itself . . . the question whether there has been a Rule 11 violation generally is not decided until after the litigation is completed, in order to avoid delaying the disposition of the merits of the case").

Given the facts of this case, we see no reason to deviate from the preferred practice described above. If Defendants prevail and seek to pursue the motions for sanctions, the Court would at that point have to take a hard look at the record to determine if the case was in fact sanctionable.

Defendants' motions are also premature because Rule 11 contemplates a two-step, objective inquiry. *See Baker*, 158 F.3d at 524. "Applying that test is not feasible at this stage of the litigation, as it is not possible to determine on this record if the allegations" in the complaint "are objectively frivolous in view of the law and facts, whether Plaintiff and its counsel should have been aware that the allegations were frivolous after making a reasonable inquiry, and whether [Plaintiff's complaint] is baseless." *KB Home v. Smith*, 2014 WL 12621583, at *2 (M.D. Fla. May 7, 2014). Because Rule 11 sanctions should ordinarily be reserved at the end of a case, Defendant's motions must be **DENIED**. *See, e.g.*, *Baker*, 158 F.3d at 523 ("Although the timing of sanctions rests in the district judge's discretion, Rule 11 sanctions 'normally will be determined at the end of litigation.'").

We note that, in the event that a renewed and amended motion for sanctions is filed after judgment for any single Defendant, the Court will entertain such a motion relating back to the date of the filing of the original motion. There is authority that a Rule 11 motion is untimely if *first* filed after judgment is already entered. Here, Defendants have certainly placed Plaintiff on notice of the frivolousness of the case well beforehand. And if there is merit to the motions' contentions, Plaintiff is well advised to take action now as Rule 11 contemplates. So, if any of the motions are renewed at a later stage, the relief sought will be deemed timely and adjudicated accordingly (so long as Defendants comply with the requirements of Local Rule 7.3). For now, the motion are **DENIED** with leave to renew.

### *III.* *CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' motions for sanctions [D.E. 10, 102, 103, 104, 105, 106] are **DENIED** without prejudice and with leave to renew.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of July, 2021.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge