IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-22318-KMW

KANAYO DERHEM,

    Plaintiff,

v.

BAY HOUSE MIAMI CONDOMINIUM
ASSOCIATION, INC., CHARLES BRUMSTED,
JR., SEAN ZAHNISER, MIKE DESIMONE,
JAMES PINKERT, JOSHUA PAUL,
ALEJANDRO ENRIQUE UTRERA BADENES,
JONATHAN FERREIRA, KW PROPERTY
MANAGEMENT, LLC, and JOSE VIDAL,

    Defendants.
_____/

**DEFENDANTS' JOINT VERIFIED MOTION FOR CONTINUANCE OF TRIAL
AND CERTAIN PRE-TRIAL DEADLINES**

    Defendants, BAY HOUSE MIAMI CONDOMINIUM ASSOCIATION, INC. (the "Association"), CHARLES BRUMSTED, JR. ("Brumsted"), SEAN ZAHNISER ("Zahniser"), MIKE DESIMONE ("Desimone"), JAMES PINKERT ("Pinkert"), JOSHUA PAUL ("Paul"), ALEJANDRO ENRIQUE UTRERA BADENES ("Utrera"), JONATHAN FERREIRA, ("Ferreira"), KW PROPERTY MANAGEMENT, LLC ("KWP") and JOSE VIDAL ("Vidal") (collectively referred to hereinafter as "Defendants"), hereby move to continue trial and certain pre-trial deadlines, and in support thereof state as follows:

    **I.**    **PROCEDURAL HISTORY**

    1.    Plaintiff, KANAYO DERHEM, ("Durhem") filed her Amended Complaint (the "Amended Complaint") on August 14, 2020, for alleged violations of the Fair Housing Act of 1968, 42 U.S.C. § 3601, et seq., the Civil Rights Act of 1866 and the Civil Rights Act of 1871,

Florida Civil Rights Act, Fl. St. § 760.01, et seq., the Florida Condominium Act, Fla. Stat. § 718.101 et seq. and state common law.

2. On September 8, 2020, the Association, Utrera, Pinkert, Ferreira, KWP and Vidal timely moved to dismiss the Amended Complaint with prejudice on grounds that the Amended Complaint sought relief for unripe claims, failed to join an indispensable party and otherwise neglected to meet basic pleading requirements. [DE 45], [DE 46], [DE 48] and [DE 47].

3. On September 14, 2020, Desimone, Paul and Zahniser timely moved to dismiss the Amended Complaint for its failure to meet standard pleading requirements in addition to its improper attempt at piercing the corporate veil. [DE 51].

4. On November 2, 2020, Brumsted timely moved to dismiss the Amended Complaint with Prejudice asserting Plaintiff's repeated failure to state a cause of action. [DE 70].

5. Plaintiff served Responses in Opposition to the Motions to Dismiss filed by the Association, Utrera, Pinkert, Zahniser, Desimone, Ferreira, KWP, Vidal and Brumsted. [DE 61], [DE 60] and [DE 74]. In turn, the Association, Utrera, Pinkert, Zahniser, DeSimone, and Ferriera, KWP and Vidal filed their Responses in Support of their Motions to Dismiss. [DE 66] and [DE 67].

6. In January, this Honorable Court entered a Trial Order setting this matter for the two-week trial period commencing on February 28, 2022. [DE 83].

7. All named Defendants in this matter respectfully move this Honorable court to continue trial and to provide an extension on the following pre-trial deadlines until a decision is made on Defendants' Motions to Dismiss: Dispositive Pre-Trial Motions, Motion to Strike and Exclude Expert Testimony (November 5, 2021); Motion *in Limine* addressing evidentiary issues

(November 5, 2011); All other Motions *in Limine* (November 11, 2021) and Joint Pre-Trial Stipulation (January 14, 2022).

8. However, the Defendants are not seeking an extension of the discovery completion deadline as the current deadline of October 22, 2021 has provided the parties more than enough time to engage in meaningful discovery.

9. It is imperative that the above referenced trial and pre-trial deadlines are continued to allow for the disposal of insufficient claims to avoid undue prejudice to Defendants, superfluous costs to all litigants and the unnecessary waste of limited judicial resources.

10. As such, Defendants request this Honorable Court to, pending the resolution of their Motion to Dismiss, extend the continuance of trial and certain Dispositive Pre-Trial Motions deadlines.

## II.     MEMORANDUM OF LAW

District courts enjoy broad discretion in deciding how best to manage the cases before them and to set and enforce scheduling deadlines, *see Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *See Abdullah v. City of Jacksonville*, 242 Fed. Appx. 661, 664 (11th Cir. 2007) (finding that the district court did not abuse its discretion in vacating the original scheduling order for a pretrial conference due to numerous motions that were still pending before it); *See Chrysler Int'l Corp. v. Chemaly,* 280 F.3d 1358, 1360 (11th Cir.2002) (heart of litigation is the authority of the district court to control the pace of litigation before it which includes scheduling); *See Johnson v. Bd. of Regents of Univ. of Georgia,* 263 F.3d 1234, 1269 (11th Cir. 2001) (holding that district courts have broad discretion over the management of pretrial activities which includes scheduling.)

The Eleventh Circuit has articulated strong policy reasons as to why they grant discretion to the district courts over scheduling matters:

> Allowing a case to proceed through the pretrial process with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of the disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.
> *Id.* at 1367–68 (internal citations omitted).

Where a preliminary motion may dispose of the entire action, a court has good cause to extend the trial and its pre-trial deadlines until resolution of the dispositive motion. *See Patterson v. United States Postal Service*, 901 F.2d 927, 929 (11th Cir. 1990); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *See, e.g.*, *Coastal Wellness Ctrs., Inc. v. Progressive Am. Ins. Co.*, No. 17-cv-61951-WPD, 2018 U.S. Dist. LEXIS 197100, at *2 (S.D. Fla. May 15, 2018); *Safeco Ins. Co. of Am. v. Amerisure Ins. Co.*, No. 8:14-cv-774-T-35MAP, 2014 U.S. Dist. LEXIS 192459 (M.D. Fla. Sep. 9, 2014); *Piderit Corp. v. Hartford Cas. Ins. Co.*, No. 14-20002-CIV-SEITZ, 2014 U.S. Dist. LEXIS 193062 (S.D. Fla. Apr. 9, 2014); *Koger v. Circuit Cty. Court*, No. 06-61655-CIV-MARRA/JOHNSON, 2007 U.S. Dist. LEXIS 62542, at *3 (S.D. Fla. Aug. 24, 2007).

Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss, should be resolved before Dispositive Pre-Trial Motions deadlines—especially when the challenged claim will significantly expand the scope of litigation. *Chudasama*, 123 F.3d at 1367–68. This is so because every claim has the potential to enlarge the scope and cost of litigation. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005); *Chudasama* at 1368 (finding that motions to dismiss enlarge the scope of litigation and the district court should rule on the motion before entering orders).

Additionally, pursuant to Fla. R. Civ. P. 1.440 a case must be "at issue" to be scheduled for trial, this rule focuses on the completion of the pleading process. A case will be deemed to be at issue when "the pleadings phase of the case is over … or if there has been a motion directed at the last pleading, for such further time until that motion is determined." *Id.* Therefore, until the subject case is "at issue", it would be an error to schedule a trial. See *Int'l Jai-Alai Players Ass'n v. Dania Jai-Alai Div. of the Aragon Grp., Inc.*, 563 So. 2d 1117, 1118 (Fla. 4th DCA 1990) (finding that at the time of the "final" hearing the cause was not at issue since there were pending motions and that the order setting the final hearing seven days before the answer was filed violated Fla. R. Civ. P. 1.440); *Ludeca v. Alignment & Cond. Monitoring, Inc.,* 276 So.3d 475, 478 (Fla. 3d DCA 2019)("A case is at issue 'after any motions directed to the last pleading served have been disposed of or, if no such motions are served, [twenty] days after service of the last pleading'. . . Further, rule 1.440 'prescribes a minimum interval of fifty days between service of the last pleading and commencement of trial.'") *citing Gawker Media, LLC v. Bollea,* 170 So.3d 125, 129.

Defendants request that this Honorable Court, pending the resolution of their Motions to Dismiss, extend the trial period and certain dispositive pre-trial motions deadlines. Good cause exists here for the reasons more fully discussed herein below.

### III. LEGAL ARGUMENT

#### A. RECEIVING A RULING ON THE MOTION TO DISMISS WILL LIKELY LIMIT THE SCOPE OF LITIGATION AND PRESERVE JUDICIAL RESOURCES AND RESOURCES OF THE PARTIES.

The very concerns over waste of resources and damage to the integrity of the judicial system in *Chudasama* exist in the present case. As stated above, the Amended Complaint in this matter consists of 13 counts: Housing Harassment and Hostile Work Environment on the Basis of Race and Sex 42 U.S.C. § 3601 (Count I); Discrimination in Contracts on the Basis of Race and

Sex under 42 U.S.C. § 1981 (Count II); Discrimination in Property on the Basis of Race and Sex under 42 U.S.C. § 1982 (Count III); Conspiracy to Deny Equal Protection of the Laws on the Basis of Race and Sex under 42 § U.S.C. § 1985(3) (Count IV); Neglect to Present Conspiracy to Deny Equal Protection of the Laws on the Basis of Race and Sex under 42 § U.S.C. 1986 (Count V); Discrimination in Housing on the Basis of Race and Sex under Fla. Stat. § 760.01, et. seq. (Count VI); Violation of Rights of Condominium Owner under Fla. Stat. §718. 101, et seq (Count VII); Violation of Rights of Condominium Owner under Fla. Stat. § 718. 303 (Count VIII); Violation of Rights of Condominium Owner under Fla. Stat. § 760.37 (Count IX); Violation of Rights of Condominium Owner Supplemental under Fla. Stat. § 718. 110 and § 718. 123 (Count X); Breach of Fiduciary Duty under Florida Common Law (Count XI); Breach of Fiduciary Duty under Florida Common Law (Count XII); Gross Negligence under Florida Common Law (Count XIII). [DE 35]. The nature of the claims notwithstanding the number of Defendants involved, make this matter expensive to litigate.

     Defendants seek a continuance of the aforementioned deadlines because the resolution of the Motions to Dismiss could dispose of several of the counts alleged or possibly the entire case, thus dramatically limiting the scope of litigation on matters for trials and the conserve court resources. In this case, the pre-trial motion deadline is in six (6) weeks. That means that the parties have just over a month to determine all the summary judgment issues and timely file the appropriate motions despite that many, if not all, of the claims asserted in Plaintiff's Amended Complaint are subject to dismissal, thus resulting in undue prejudice to each of the ten (10) named Defendants in this action who would be unfairly prejudiced by having to prepare dispositive motions for summary judgment on any of Plaintiff's thirteen (13) causes of action. Moreover, there are pending discovery matters which may impede the parties from meeting this November 5, 2021,

deadline. Granting a continuance of trial and certain dispositive pre-trial deadlines while the parties await the Court's ruling on the pending dispositive motions before it will safeguard against the parties needlessly incurring time and expenses in preparation of avoidable litigation.

> **B. WITHOUT HAVING RECEIVED A RULING ON THE MOTIONS TO DISMISS, DEFENDANTS ARE UNFAIRLY PREJUDICED BECAUSE THEY ARE PRECLUDED FROM SEEKING JUDGMENT ON THE PLEADINGS GIVEN THE MATTER IS NOT AT ISSUE.**

Defendants are unfairly prejudiced by not having received a ruling on their Motions to Dismiss because without any such ruling, they are precluded from seeking a judgment on the pleadings as a matter of law. Pursuant to Federal Rule of Civil Procedure, 12(c) a motion for judgment on the pleadings is only ripe once the pleadings are closed. *Perez v. Wells Fargo, N.A.,* 774 F.3d 1329, 1337 (11th Cir. 2014)("When a defendant fails to answer, Rule 12(c) precludes a judgment on the pleadings because the pleadings have not yet closed, and competing pleadings do not exist."). With no ruling on the pending Motions to Dismiss, Defendants have not yet filed their answer or raised necessary affirmative defenses. With no answers filed, there are no competing pleadings, and Defendants are prevented from utilizing a Motion for Judgment on the Pleadings as a means of disposing of Plaintiff's thirteen (13) legally insufficient claims, which as it currently stands, is by the November 3, 2021 dispositive pre-trial motion deadline.

## IV.    CONCLUSION

This is the first time this matter is set for trial, and the Motion is not being made to delay or avoid the commencement of trial. Defendants will be prejudiced in their defense of this matter if the trial and pretrial deadlines are not extended for the reasons discussed herein above. This Honorable Court has broad discretion to alter trial deadlines. Good cause exists here given the pendency of the Motions to Dismiss, most of which have been pending for more than a year's time, the required preparation for trial and preparation of pre-trial dispositive motions on thirteen

separate claims which ultimately may be deemed to have no legal merit, as well as the resulting cost to the parties and waste of limited judicial resources.

WHEREFORE, Defendants, BAY HOUSE MIAMI CONDOMINIUM ASSOCIATION, INC., CHARLES BRUMSTED, JR., SEAN ZAHNISER, MIKE DESIMONE, JAMES PINKERT, JOSHUA PAUL, ALEJANDRO ENRIQUE UTRERA BADENES, JONATHAN FERREIRA, KW PROPERTY MANAGEMENT, LLC and JOSE VIDAL, for good cause shown, respectfully requests this Honorable Court to continue trial and pre-trial deadlines, and grant such other relief as deemed just and proper.

<u>Certification Pursuant to S.D. Fla. L.R. 7.1.(a)(3)</u>

Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that she conferred with counsel for Defendant, Charles Brumsted and counsel for Defendants, KW Property Management, Jose Vidal and Jonathan Ferreira who join in this motion. Defense counsel also conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in this motion, and Plaintiff's counsel informed the undersigned that she does not oppose the relief requested herein. Plaintiff's counsel, however, did indicate her intent to seek an extension of the discovery cutoff date, which the instant Motion does not seek.

<u>Verification Pursuant to 28 U.S.C. § 1746</u>

Additionally, the undersigned certifies under penalties of perjury that the facts and positions stated above are true and correct in all material respects

                              Respectfully submitted,

                              */s/ Waynice Green-Musgrove*
                              Evelyn Greenstone Kammet, Esq.
                              egreenstone@florida-law.com
                              Waynice Green-Musgrove, Esq.
                              Wgreen-musgrove@florida-law.com
                              egkfiling@florida-law.com

yordaz@florida-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF on September 28, 2021 on all counsel or parties of record on the attached Service List.

**Vernis & Bowling of Miami, P.A.**
1680 N.E. 135th Street
Miami, FL 33181
Tel: 305-895-3035
Fax: 305-892-1260

By: */s/ Waynice Green-Musgrove*
Evelyn Greenstone Kammet, Esq.
Florida Bar No. 0044060
egreenstone@florida-law.com
Waynice Green-Musgrove, Esq.
Florida Bar No. 0116175
Wgreen-musgrove@florida-law.com
egkfiling@florida-law.com
yordaz@florida-law.com

By: */s/ Jeannie A. Hanrahan*
Jeannie A. Hanrahan, Esq.
Joelle J. Vogel, Esq.
Marshal, Dennehey, Warner, Coleman & Goggin
100 N.E. Third Avenue, 11th Floor
Fort Lauderdale, Florida 33301
jahanrahan@mdwcg.com
jjvogel@mdwcg.com
*Counsel to Defendant, KW Property Management, LLC, Jose Vidal and Jonathan Ferreira*

By: */s/ Craig Shankman*
Craig Shankman, Esq.
Boyd Richards Parker & Colonnelli, P.L
100 S.E. Second Street, Suite 2600
Miami, Florida 33131
cshankman@boydlawgroup.com
*Counsel to Defendant, Charles Brumsted*

9

**SERVICE LIST**

Marlin S. Muller, Esq.
The Hidalgo Law Firm
25 SE 2nd Ave Suite 1235
Miami, FL 33131
marlin@thehidalgolaw.com
*Co-Counsel to Plaintiff*

Jillian T. Weiss, Esq.
*Pro Hac Vice*
Law Office of Jillian T. Weiss, P.C.
527 Hudson Street
P.O. Box 20169
New York, New York 10014
jweiss@jtweisslaw.com
*Co-Counsel to Plaintiff*

Jeannie A. Hanrahan, Esq.
Joelle J. Vogel, Esq.
Marshal, Dennehey, Warner, Coleman & Goggin
100 N.E. Third Avenue, 11th Floor
Fort Lauderdale, Florida 33301
jahanrahan@mdwcg.com
jjvogel@mdwcg.com
*Counsel to Defendant, KW Property Management, LLC, Jose Vidal and Jonathan Ferreira*

Craig Shankman, Esq.
Boyd Richards Parker & Colonnelli, P.L.
100 S.E. Second Street, Suite 2600
Miami, Florida 33131
cshankman@boydlawgroup.com
*Counsel to Defendant, Charles Brumsted*