UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22318-WILLIAMS/TORRES

KANAYO DERHEM, *et al.*,

    Plaintiffs,

v.

BAY HOUSE MIAMI CONDOMINIUM
ASSOCIATION, *et al.*,

    Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS

This cause comes before the Court on Plaintiffs' motion for sanctions due to alleged spoliation of evidence. [D.E. 187]. Defendants have responded to the motion, and the time for Plaintiffs to file a reply has passed. The motion, therefore, is ripe for disposition.[1] After review of the briefing and relevant authorities, and for the reasons set forth below, Plaintiffs' motion is **DENIED**.

This case arises out of Plaintiffs' allegations of violations of the Fair Housing Act. Specifically, Plaintiffs argue that they were mistreated on the basis of their sex and race by Defendants. In the pending motion, Plaintiffs seek sanctions because, they argue, Defendants (and specifically Charles Brumsted, Jr.) destroyed emails that evidence discriminatory animus towards Plaintiffs. As a result, Plaintiffs

---

[1] On September 23, 2024, the Honorable Kathleen M. Williams re-opened the pending motion and referred it to the Undersigned Magistrate Judge for disposition. [D.E. 317].

1

request that (1) Defendants be prohibited from raising arguments regarding the ostensibly lost evidence at trial; (2) jury instructions that include certain adverse inferences against Defendants; and (3) attorneys' fees associated with the motion.

Much of the relief Plaintiffs request, however, is now moot. On September 23, 2024, the Court entered a Final Judgment in favor of Defendants and none of Plaintiffs' claims remain. [D.E. 318]. Thus, the only request for relief that is still in controversy is Plaintiffs' request for attorneys' fees incurred from the pending motion.

## II. ANALYSIS

Plaintiffs' request for fees is denied because Plaintiffs' spoliation motion is untimely. Per the scheduling order in place at the time Plaintiffs filed the pending motion, all discovery was to be completed by October 22, 2021. Further, under the Local Rules, this dispute was to be brought to the Court's attention within 28 days of non-production. This motion, meanwhile, was filed February 17, 2022—nearly four months after the close of discovery and approximately ten months after the Local Rules' deadline lapsed.

At its core, this motion is indeed a discovery issue—it seeks sanctions for Defendants' alleged failure to comply with certain requests for production. *See Munro v. Fairchild Tropical Botanic Garden, Inc.*, No. 20-20079-CIV, 2021 WL 11960980, at *3 (S.D. Fla. June 30, 2021) (finding that a spoliation motion was a discovery motion "because discovery exchanged by the parties clearly revealed the spoliation at issue"). As a result, it is untimely both under the Local Rules and the Court's Scheduling Order.

2

### A. *Plaintiffs' Motion Violates Local Rule 26.1*

Plaintiffs have impermissibly asked the Court to resolve a discovery dispute that Plaintiffs failed to timely raise under Local Rule 26.1(g)(2)(a). Our Local Rules require that "[a] party must submit any discovery dispute to the Court … relating to the sufficiency of a production of documents or other materials … within twenty-eight (28) days of the producing party's service of the Notice of Completion of Production." S.D. Fla. L.R. 26.1(g)(2)(a).

Here, Plaintiffs make clear that they became aware of the alleged non-compliance "in [Defendants'] response to her discovery demands." [D.E. 187 at 5]. Those discovery requests were propounded on January 25, 2021, and responded to in March of 2021. And yet, Plaintiffs did not bring the apparent non-production to the Court's attention until the pending motion was filed in February of 2022—nearly one year after the Local Rule's timeliness requirement had lapsed.

Thus, Plaintiffs' motion violates Local Rule 26.1 and is denied on that basis. *See Munro*, 2021 WL 11960980, at *3 ("Because Plaintiffs have been aware of the purported spoliation since May 29, 2020 [yet did not file the motion until May 3, 2021]—with several other triggering discovery events since then—the Court finds that Plaintiffs have waived the relief sought in their untimely May 3, 2021 Motion."); *see also A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223-CIV, 2018 WL 5886663, at *5 (S.D. Fla. Nov. 9, 2018) (denying spoliation motion and noting that "[i]f Plaintiff stonewalled discovery, as Defendants allege, then they should have sought relief pursuant to the Court's Discovery Calendar"); *Haney v. PGA Tour, Inc.*,

3

No. 19-CV-63108, 2021 WL 535366, at *1 (S.D. Fla. Feb. 13, 2021) (quoting *4Demand, LLC v. G4S Secure Sols., Inc.*, No. 9:20-MC-80637-WPD/WM, 2020 WL 3266102, at *2 (S.D. Fla. June 17, 2020)) ("Notably, the purpose of Local Rule 26.1(g)(1) … is to prompt early resolution of discovery disputes and to ensure that discovery motions are filed when ripe and not held until shortly before the close [of] discovery or the eve of trial.").

### B. *Plaintiffs' Motion Violates the Court's Scheduling Order*

Further, as an independent basis for denial, Plaintiffs' motion violates the Court's Scheduling Order. The Court required that, by October 22, 2021, "[t]he parties shall complete all discovery, including expert discovery." [D.E. 178]. The pending discovery dispute, meanwhile, was not raised until February 17, 2022 (i.e., nearly four months after the discovery deadline lapsed). Accordingly, Plaintiffs' motion is not only woefully untimely under the Local Rules, but is untimely under the Court's Scheduling Order.

The motion is also denied, then, on this separate basis. *See Harborview Realty, Inc. v. Fifth Third Bank, Nat'l Ass'n*, No. 2:21-CV-942-JLB-KCD, 2023 WL 7277169, at *1 (M.D. Fla. Oct. 3, 2023) ("The problem for Plaintiffs is simple, their request is untimely. Discovery closed on September 30, 2023, which is several days before the pending motion was filed. … A motion to compel filed after the discovery deadline is thus dead on arrival."); *Ross v. Sejin Am., Inc.*, No. 3:18-CV-537-RAH-JTA, 2021 WL 6973863, at *2 (M.D. Ala. May 26, 2021) ("The court agrees with Sejin that the instant motion is an attempt to conduct discovery after the discovery cutoff date. Because the

4

Plaintiffs' motion to compel was filed after the expiration of the discovery deadline as set by the Uniform Scheduling Order and Plaintiffs have not shown good cause for modifying the schedule as required under Federal Rule of Civil Procedure 16(b)(4), the motion is due to be denied as untimely."); *Mannion v. Ameri-Can Freight Sys.*, 2020 WL 417492, at *3 (D. Ariz. 2020) ("Spoliation is a discovery offense, so issues surrounding alleged spoliation should be resolved during discovery—not on the eve of trial."); *Wine Educ. Council v. Arizona Rangers*, No. CV-19-02235-PHX-SMB, 2021 WL 3550213, at *2 (D. Ariz. Aug. 11, 2021) (holding that "the Motion for Spoliation must be struck because Movants did not file the motion until after the close of discovery"); *Muhammad v. Jenkins*, No. CV 19-7970 JAK (PVC), 2022 WL 4292341, at *7–9 (C.D. Cal. Aug. 26, 2022), *report and recommendation adopted*, 2022 WL 4292308 (C.D. Cal. Sept. 15, 2022) (denying spoliation motion because "Plaintiff inexplicably waited for well more than a year after she learned the facts underlying her spoliation sanctions request to file the … motion" and "[m]any courts have found that because spoliation is a discovery-related issue, motions for spoliation sanctions typically must be brought during the discovery period").

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion [D.E. 187] is **DENIED**.

**DONE and ORDERED** in Chambers in Miami, Florida this 1st day of October, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge