UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-22318-Civ-WILLIAMS/TORRES

KANAYO DERHEM and
MOJTABA E. KOOSEJ,

    *Plaintiffs*,

v.

BAY HOUSE MIAMI CONDOMINIUM
ASSOCIATION, *et al.*,

    *Defendants*.

_____/

## ORDER ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

This cause comes before the Court on Defendant, Charles Brumsted Jr.'s ("Mr. Brumsted") Motion for Attorneys' Fees against Plaintiffs. [D.E. 357]. The Motion has been fully briefed and is therefore ripe for disposition.[1] After careful review of the briefing and relevant authorities, and for the reasons set forth below, Defendant's Motion is **GRANTED in part** and **DENIED in part**.

---

[1] On December 3, 2024, the Honorable Kathleen M. Williams referred this Motion to the Undersigned Magistrate Judge for disposition. [D.E. 376].

1

## *I.     BACKGROUND*

This case, commenced in June of 2020, centered on alleged racial and gender-based housing discrimination, as well as violations of Florida's condominium laws. Mr. Brumsted, joined by several co-Defendants, filed a motion to dismiss that complaint; the motion was granted in part and denied in part. Subsequently, Plaintiffs filed a Second Amended Complaint. Mr. Brumsted and his co-Defendants then filed another motion to dismiss, as well as a motion for summary judgment. The Court granted in part that motion to dismiss, and granted in its entirety the motion for summary judgment. [D.E. 317]. The Court then entered a final judgment in Mr. Brumsted (and his co-Defendants') favor.

Mr. Brumsted, in the wake of that judgment, now seeks $194,819.00 in attorneys' fees. The claims for which Mr. Brumsted seeks fees are:

- Count I: Housing Discrimination (42 U.S.C. § 3601 and 24 CFR § 100.600);
- Count II: Violation of Rights of Condominium Owner (§ 718.101, Fla. Stat.);
- Count III: Violation of Rights of Condominium Owner (§ 718.103); and
- Count V: Breach of Fiduciary Duty (§ 718.111).

Plaintiffs' objections, meanwhile, are not specific to the relevant statutes, but rather are made in broad strokes. Specifically, Plaintiffs argue that: this Court lacks jurisdiction over the pending Motion, Defendant violated Local Rule 7.3, and that an

2

ongoing "[c]riminal investigations involving the Defendant(s)" impacts these proceedings.

## II.   ANALYSIS

We will first address Plaintiffs' broad objections before assessing whether Mr. Brumsted is entitled to fees under each statute.

### A. *Plaintiffs' Broad Arguments*

We will address in turn Plaintiffs' three primary arguments: that the Court lacks jurisdiction, that Mr. Brumsted violation Local Rule 7.3, and that an ongoing criminal investigation impacts these proceedings.

#### 1. *Jurisdiction*

Plaintiffs first argument is that this Court lacks jurisdiction to decide the pending Motion, but only because Plaintiffs appealed the Court's order granting Defendant's motion to dismiss/motion for summary judgment.

This argument is without merit. Courts in this Circuit routinely decide motions for costs and fees while the underlying order for dispositive relief is on appeal. *See Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 65 (11th Cir. 1982) ("[W]e hold that the request for attorney's fees in the instant case was a motion for costs which the district court had jurisdiction over despite the filing of the notice of appeal."); *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007) ("[W]e have held that the district court may entertain a motion for attorney's fees after a notice of appeal has been filed in the underlying case."); *Gov't Emps. Ins. Co. v. Glassco Inc.*, No. 8:19-CV-1950-KKM-JSS, 2023 WL 3435766, at *2 (M.D. Fla. Apr. 27, 2023), *report and recommendation*

*adopted*, 2023 WL 3434085 (M.D. Fla. May 12, 2023) (same); *Palmyra Park Hosp., Inc. v. Phoebe Putney Mem'l Hosp., Inc.*, 688 F. Supp. 2d 1356, 1358 (M.D. Ga. 2010) (citing *Rothenberg*, 677 F.2d at 65) ("The Eleventh Circuit has expressly held that a district court may entertain a motion for attorneys' fees after a notice of appeal has been filed in the underlying case. Based on Eleventh Circuit authority, therefore, this Court determines that it possesses jurisdiction over Defendants' Motion for Attorneys' Fees despite the underlying case currently being on appeal.").[2]

Plaintiffs' argument is therefore rejected.

### 2. *Local Rules*

Plaintiffs next argue that Defendant failed to comply with Local Rules 7.1 and 7.3. This violation, argue Plaintiffs, centers on Defendant's ostensible failure to confer with Plaintiffs before filing the pending Motion.

This argument also lacks merit. As an initial matter, Mr. Brumsted includes a certificate of conferral that his counsel exchanged emails with Plaintiffs to resolve the issues in the Motion. Specifically, Defendant invited Plaintiffs to confer about the Motion, and Plaintiffs responded that "[g]iven the current procedural posture of the

---

[2] Plaintiffs also suggest that the Court should stay disposition of this Motion until the appeal is resolved. In support, however, Plaintiffs do not explain why the Court should exercise their discretion in that unique manner. Without a showing that Plaintiffs are likely to succeed on the merits of their appeal or suffer irreparable harm, Plaintiffs have not even approached carrying their onerous burden. *See Guzy v. QBE Specialty Ins. Co.*, No. 20-23169-CIV, 2022 WL 1202876, at *2 (S.D. Fla. Apr. 22, 2022) (providing that to stay a matter pending appeal, courts assess four factors: "(1) whether the movant is likely to prevail on the merits of its appeal; (2) whether the movant will suffer irreparable harm absent a stay; (3) whether the opposing party will suffer substantial harm if the stay is issued; and (4) whether the stay is adverse to public interest").

4

case, specifically the appeal and the District Court's divestment of jurisdiction over the subject matter, my attendance at this meeting is not necessary." [D.E. 362-4].

Consequently, we have no support for Plaintiffs' argument that Defendants refused to confer; to the contrary, we have Defendants' evidence of their communication with Plaintiffs. [*Id.*]. Plaintiffs' argument, therefore, is rejected.

### 3. Criminal Investigation

Lastly, Plaintiffs assert there exists a pending criminal investigation against Defendant that warrants our consideration. Plaintiffs provide no information about this investigation, why it would be material, or how it would undermine Mr. Brumsted's status as a clear and indisputable prevailing party. Accordingly, this argument is also rejected.

## B. *Entitlement*

We will now assess Defendant's entitlement to attorneys' fees. Defendant seeks attorneys' fees for four claims: Count I (brought under 42 U.S.C. § 3601), and Counts II, III, and V (brought under §718, Fla. Stat.).

### 1. 42 U.S.C. § 3601

Plaintiffs' first claim was for housing discrimination, brought under the Fair Housing Act. Under 42 U.S.C. § 3613(c)(2), "the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee and costs" under the Fair Housing Act. To exercise that discretion, the Court must find that "plaintiff's claims [are] 'frivolous, unreasonable, or groundless.'" *Fair Hous. Ctr. of Greater Palm Beaches, Inc. v. Shutters Condo. Ass'n, Inc.*, No. 08-81566-CIV, 2011 WL 13172602, at *2 (S.D. Fla.

5

Feb. 9, 2011), *report and recommendation adopted*, No. 08-81566-CIV, 2011 WL 13172603 (S.D. Fla. Feb. 28, 2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)); *Roy v. Bd. of Cnty. Comm'rs*, No. 3:06CV95/MCR/EMT, 2011 WL 4904410, at *5 (N.D. Fla. Sept. 27, 2011), *report and recommendation adopted*, 2011 WL 4904409 (N.D. Fla. Oct. 14, 2011) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)) ("A court may award attorney's fees under § 1988 (or, as in this case, § 3613(c)(2)) to a prevailing defendant if the court finds that the 'action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'").

The same standard is applied for fees petitions brought under 42 U.S.C. § 1981, § 1982, § 1985, and § 1985, as well as § 760.01, Fla. Stat. *See Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 885 (11th Cir. 2017) (quoting *Christianburg*, 434 U.S. at 422) ("In civil rights cases, a district court may award attorney's fees to the prevailing defendant—even in the absence of bad faith—if the court 'finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'"); *Yoder Bros. v. Weygant*, 973 So. 2d 625, 626 (Fla. 2d DCA 2008) (noting that a prevailing defendant cannot recover attorneys' fees under the Florida Civil Rights Act unless "a plaintiff's claim is frivolous, unreasonable, or groundless").

"In determining whether a claim is frivolous, [the Court] views the evidence in the light most favorable to the non-prevailing plaintiff." *Barnes v. Zaccari*, 592 F. App'x 859, 872 (11th Cir. 2015). Further, "the district court 'must focus on the

question [of] whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1176 (11th Cir. 2005) (quoting *Sullivan v. Sch. Bd. Of Pinellas County*, 773 F.2d 1182, 1187 (11th Cir. 1985)).

Mr. Brumsted first addresses Plaintiffs' allegations of pre-unit-acquisition conduct (i.e., that Defendants intentionally delayed Plaintiffs' purchase of the unit based on race and sex). On that score, Mr. Brumsted asserts, there was no evidence of delay, nor was there direct evidence of discrimination.

Of course, Plaintiffs' claim was unsuccessful. But "[t]he test is not whether the plaintiff was unsuccessful at trial, but whether the claim was entirely groundless or lacked a factual or legal basis at the time it was filed." *Fair Hous. Ctr. of Greater Palm Beaches, Inc. v. Shutters Condo. Ass'n, Inc.*, No. 08-81566-CIV, 2011 WL 13172602, at *2 (S.D. Fla. Feb. 9, 2011), *report and recommendation adopted*, 2011 WL 13172603 (S.D. Fla. Feb. 28, 2011) (citing *Sayers v. Stewart Sleep Center, Inc.*, 140 F.3d 1351, 1353 (11th Cir. 1998)).

Here, we have no reason to find that Plaintiffs' allegations entirely lacked a factual basis when filed. For example, Plaintiffs presented in a signed affidavit in opposition to summary judgment that, when Plaintiffs applied for a unit, Mr. Brumsted asked Derhem—a transgender individual—"whether she could have children." [D.E. 26-11 at 33]. Further, Plaintiffs presented evidence at summary judgment of several of Mr. Brumsted's Facebook posts that, in Plaintiffs' view, expressed anti-transgender animus. [D.E. 266-11]. This evidence, while insufficient

7

to stave off summary judgment, was sufficient to "establish at least the foundation of a claim" for pre-acquisition discrimination. *See Bonner v. Mobile Energy Servs. Co.*, 246 F.3d 1303, 1305 (11th Cir. 2001) (reversing the district court's fee award in a discrimination case because while "[t]he record fully supports the trial court's grant of summary judgment to the defendants," the court was "not convinced, however, that the action was so 'patently devoid of merit as to be frivolous'"; rather, there was enough evidence presented by the plaintiff to "establish at least the foundation of a claim"); *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (reversing district court's fee award in a discrimination case because "while it is abundantly clear that the trial court's decision on the merits is supported by the record, it cannot be said that an objective examiner would find her claim so patently devoid of merit as to be 'frivolous,'" especially where "appellant established a prima facie case of employment discrimination").

Similarly, Plaintiffs' post-acquisition claim maintained enough of a basis to at least stave off frivolousness. Mr. Brumsted points out that a variety of those allegations were dismissed because much of the complained-of acts did not, as pleaded, run afoul of the Fair Housing Act. While that may be true, there were also some portions of the claim that had sufficient foundation. For example, the Court found that Plaintiffs established a prima facie case based on allegations of "repeated comments to Derhem about her gender identity, confrontation of Derhem with a pre-transition photo of her, and referring to Derhem as a 'monkey.'" [D.E. 317 at 17]. Indeed, much of the Court's analysis at summary judgment was grounded on

8

Defendants' legitimate, non-discriminatory reasons for their adverse actions—not that Plaintiffs' allegations were frivolous or baseless. And while Plaintiffs' evidence was ultimately unable to show that Defendants' non-discriminatory reason was pretextual, Plaintiffs did provide affidavits from other tenants (as well as comparators) to provide evidentiary support for Plaintiffs' allegations. Thus, in light of Plaintiffs' prima facie case and (albeit light) evidence at summary judgment, we cannot find that Count I was frivolous. *See E.E.O.C. v. Reichhold Chemicals, Inc.*, 988 F.2d 1564, 1572 (11th Cir. 1993) ("The plaintiff relied on this circumstantial evidence to establish a prima facie case. Admittedly, defendant's counsel presented convincing proof of non-discriminatory reasons for each of these measures and defeated her claims on the merits; the cumulative effect of these employment actions and their timing, however, was sufficient to meet the plaintiff's initial burden. Accordingly, the retaliation claims were not frivolous and the district court abused its discretion in awarding fees against the EEOC."); *Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005) ("The district court determined and Jenne concedes that Quintana established a prima facie case of racial discrimination. After Quintana failed to prove that Jenne's proffered reason for denying Quintana the promotion was pretexual, the district court ruled that Quintana's discrimination claim was frivolous. Our precedent precluded that ruling. … Because the failure of Quintana to prove pretext was an impermissible basis for a finding of frivolity, the district court abused its discretion when it awarded attorney's fees to Jenne for the defense of Quintana's discrimination claim.").

9

To be clear, we by no means commend Plaintiffs' manner of litigating this case, and acknowledge that Plaintiffs failed to raise a genuine dispute of fact or law at summary judgment. But there is a critical distinction between frivolousness and a lack of merit; this is especially applicable where a discrimination-plaintiff establishes a prima facie case, and provides some supporting evidence at summary judgment or trial. Here, Plaintiffs' discrimination claim—while unmeritorious—avoids wading into the waters of frivolousness. Consequently, we exercise our discretion to deny Mr. Brumsted's motion for attorneys' fees as to Count I. *See Richardson v. Bay Dist. Sch.*, 560 F. App'x 928, 930 (11th Cir. 2014) ("Plaintiff Richardson's claim was weak, but not so patently devoid of arguable legal merit to justify an attorney's fee award. … Richardson presented evidence in support of his claim. Just because this evidence was ultimately not enough to create a jury question with respect to discrimination on the basis of gender does not make Richardson's claim frivolous. … [We] reverse the district court's award of Defendant Bay District's attorney's fees and costs against Plaintiff Richardson.").

Separately, Mr. Brumsted argues that he should nonetheless be entitled to fees for Count I, because Plaintiffs' condominium claims under Florida law incorporate Count I's factual underpinnings. While there may exist overlap between Count I and subsequent counts, we do not find that the substance of each of the claims are so intertwined that Mr. Brumsted must recover for all claims. Indeed, the discrimination claim is brought under federal law, has independent statutory authority for a fee award, requires a distinct evidentiary framework, and alleges a

10

sufficiently distinct set of events. The claims, therefore, are not *so* intertwined that it would be impractical for Mr. Brumsted to distinguish the time expended on the non-discrimination claims. Accordingly, we reject Mr. Brumsted's argument that the discrimination claim is so intertwined with the other claims that fees must be awarded for all claims. *See, e.g., Gray v. Novell, Inc.*, No. 8:06-CV-1950-T-33TGW, 2012 WL 3871872, at *5 (M.D. Fla. Sept. 6, 2012) ("The notion that separate and distinct legal research and analysis was not conducted with regard to at least some of this authority is untenable. In this circumstance, the prevailing party is not entitled to recover its entire attorneys' fee.").

### 2. *Condominium Act Claims (Chapter 718, Fla. Stat.)*

Mr. Brumsted also seek fees for claims brought under Chapter 718, Fla. Stat. Specifically, Plaintiffs allege violations of: § 718.111(12)(b) and (c) (Count II), § 718.303 (Count III), and § 718.111 (Count V).

Section 718.303 provides:

> (1) Each unit owner, tenant and other invitee, and association is governed by, and must comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws which are expressly incorporated into any lease of a unit. Actions at law or in equity, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against:
>     (a) The association.
>     (b) A unit owner.
>     (c) Directors designated by the developer, for actions taken by them before control of the association is assumed by unit owners other than the developer.
>     (d) Any director who willfully and knowingly fails to comply with these provisions.
>     (e) Any tenant leasing a unit, and any other invitee occupying a unit.

> The prevailing party in any such action … is entitled to recover reasonable attorney fees.

Here, each of the three relevant claims (Claims II, III, and V) were explicitly brought under Chapter 718. Further, each of the claims explicitly alleged violations of Chapter 718. For example, Count II alleges that Mr. Brumsted and his co-Defendants "ha[ve] not made [documents and records] available … for inspection in violation of § 718.111(12)(b) and (c)." [D.E. 176 at ¶ 203]. Count III, meanwhile, sought to accuse Defendants of violating association bylaws (and therefore violating §§ 718.303 and 718.123) when Defendants ostensibly fined Plaintiffs and banned then from common spaces. [D.E. 317 at 22–23]. Lastly, Count V alleges that Mr. Brumsted violated the fiduciary duty that § 718.111 explicitly creates for directors ("officers and directors of the association have a fiduciary relationship to the unit owners"). § 718.111(1)(a).

Plainly, then, each of these claims invoke Chapter 718. Moreover, Mr. Brumsted indisputably was the prevailing party on each of these claims, evidenced by the Final Judgment entered in his favor. [D.E. 318]. Plaintiffs, meanwhile, have presented no compelling argument as to why Chapter 718's straightforward attorneys' fees provision should not apply, given Mr. Brumsted's unambiguous success on Claims II, III, and V. Accordingly, we find that Mr. Brumsted is entitled to his reasonable attorneys' fees for prevailing on Claims II, III, and V. *See Viler v. Universal Prop. & Cas. Ins. Co.*, 386 So. 3d 941, 944 (Fla. 4th DCA 2024) (awarding attorneys' fees to the prevailing party under section 718.303(1)); *Zambrano v. Indian*

*Creek Holdings, LLC*, No. 09-20453-CIV-HUCK, 2009 WL 4546634, at *2 (S.D. Fla. Nov. 30, 2009) (same).

### C. *Amount of Fees*

As we have found that Mr. Brumsted is not entitled to fees for Count I, it is difficult for the Court to discern what portion of the billing records (and total fee amount) stems from Counts II, III, and V. Consequently, within fourteen days of this Order, Mr. Brumsted shall file a supplemental motion for attorneys' fees. That motion should address the amount of attorneys' fees to which Mr. Brumsted is entitled for Counts II, III, and V. Mr. Brumsted need not address entitlement to fees in that supplemental motion.

### III. CONCLUSION

For the reasons set forth above, Mr. Brumsted's Motion for Attorneys' Fees [D.E. 357] is **GRANTED in part** and **DENIED in part** as to his entitlement to fees. Mr. Brumsted is entitled to fees for Counts II, III, and V, but not for Count I.

Within fourteen days of this Order, Mr. Brumsted shall file a supplemental motion for attorneys' fees. That motion should address the amount of fees to which Mr. Brumsted is entitled. The motion also should comply with Local Rule 7.3 in so far as the parties should confer by the date it is filed or at least within seven days thereafter to reach agreement, partial or otherwise, as to the amount of reasonable fees permitted by this Order.

Further, to the extent that any party seeks to object to the contents of this entitlement Order, they may include those objections in response to our Final Report

and Recommendation on Mr. Brumsted's forthcoming supplemental fees motion. The time period for filing any appeal/objections to this entitlement Order is hereby TOLLED until filing disposition on the Supplemental Motion that will be filed. This way the parties' rights to de novo review of this Order are preserved in the interests of judicial economy.

**DONE and ORDERED** in Chambers at Miami, Florida this 30th day of July, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge