UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-22318-Civ-WILLIAMS/TORRES

KANAYO DERHEM and
MOJTABA E. KOOSEJ,

    *Plaintiff*s,

v.

BAY HOUSE MIAMI CONDOMINIUM
ASSOCIATION, *et al.*,

    *Defendants*.
_____/

**ORDER ON DEFENDANTS' MOTION FOR
ATTORNEYS' FEES AND COSTS**

This cause comes before the Court on Defendants', Sean Zahniser's ("Mr. Zahniser"), Mike Desimone's ("Mr. Desimone"), Bay House Miami Condominium Association's ("the Association"), James Pinkert's ("Mr. Pinkert"), Joshua Paul's ("Mr. Paul"), and Alejandro Enrique Utrera Badenes' ("Mr. Utrera") (collectively, "Defendants") Motion for Attorneys' Fees and Costs against Plaintiffs. [D.E. 362]. The Motion has been fully briefed and is ripe for disposition.[1] After review of the briefing and relevant authorities, and for the reasons set forth below, Defendants' Motion is **GRANTED in part** and **DENIED in part**.

---

[1] On December 3, 2024, the Honorable Kathleen M. Williams referred this Motion to the Undersigned Magistrate Judge for disposition. [D.E. 376].

1

## *I.  BACKGROUND*

This case, commenced in June of 2020, centered on alleged racial and gender-based housing discrimination, as well as violations of Florida's condominium laws. Later that year, Defendants—via three separate joint motions—moved to dismiss the Amended Complaint. Subsequently, in May of 2021, the Association, Mr. DeSimone, Mr. Paul, Mr. Pinkert, Mr. Utrera, and Mr. Zahniser each filed separate motions for Rule 11 sanctions.

The Court denied those Rule 11 motions as premature, because dispositive relief had not yet been awarded. A few months later, in October of 2021, the Court entered an Order on the motions to dismiss. That order (1) dismissed Count I with prejudice (only as to Mr. Zahniser, Mr. DeSimone, Mr. Pinkert, Mr. Paul, Mr. Badenes, and Mr. Ferreira); (2) dismissed Counts II through V with prejudice; (3) dismissed Count VI without prejudice; and (4) dismissed Count XII with prejudice. [D.E. 148]. In light of that order, Mr. Zahniser and Mr. DeSimone filed a motion for attorneys' fees. [D.E. 162]. That motion is currently stayed pending appeal. [D.E. 335].

Plaintiffs then filed a Second Amended Complaint. The instant Defendants, along with Mr. Brumsted, Mr. Ferreira, Mr. Vidal, and KWA, then filed a joint motion to dismiss on February 17, 2022. [D.E. 188]. Shortly after, those same defendants filed a motion for summary judgment (to comply with the Court's dispositive motion deadline). [D.E. 213]. Then, on September 23, 2024, this Court entered an Omnibus Order; that order (1) granted in part Defendants' motion to dismiss, and (2) wholly

2

granted Defendants' motion for summary judgment. [D.E. 317]. The Court then entered Final Judgment in Defendants' favor. [D.E. 318].

In the pending Motion, Defendants—the clear prevailing party in this action—seek attorneys' fees and costs for their effort in dismissing/procuring summary judgment against Plaintiffs' Second Amended Complaint. The claims for which Defendants seek attorneys' fees and costs are:

- Count I: Housing Discrimination (42 U.S.C. § 3601 and 24 CFR § 100.600);
- Counts II–IV: Violation of Rights of Condominium Owner (§718.101, §718.111, §718.123, §718.303, Fla. Stat.); and
- Count VI: Gross Negligence.[2]

Plaintiffs, meanwhile, do not meaningfully challenge the substance of Defendants' statutory entitlement to fees or costs, nor do Plaintiffs make line-item objections. Rather, Plaintiffs argue that (1) Defendants have violated Local Rule 7.1 and 7.3, (2) Defendants' fees should not include work from a related (but separate) foreclosure case, and (3) this Motion should be stayed pending Plaintiffs' appeal.

## II.  ANALYSIS

We will first assess Plaintiffs' broad objections to Defendants' Motion, before assessing Defendants' entitlement to attorneys' fees and costs for each claim.

---

[2] There are several claims in the First Amended Complaint that were dismissed with prejudice, and were therefore absent from the Second Amended Complaint. Those claims are addressed in Defendants' earlier fees motion [D.E. 162], which is currently stayed.

3

### A. *Plaintiffs' Broad Arguments*

At large, Plaintiffs argue that the Motion should be denied in its entirety for two primary reasons: (1) that the Court lacks jurisdiction over the Motion, and (2) that Defendants have violated our Local Rules.

#### *1. Jurisdiction*

Plaintiffs' first argument is that this Court lacks jurisdiction to decide the pending Motion, but only because Plaintiffs appealed the Court's Order granting Defendants' motion to dismiss/motion for summary judgment.

This argument is without merit. Courts in this Circuit routinely decide motions for costs and fees while the underlying order for dispositive relief is on appeal. *See Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 65 (11th Cir. 1982) ("[W]e hold that the request for attorney's fees in the instant case was a motion for costs which the district court had jurisdiction over despite the filing of the notice of appeal."); *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007) ("[W]e have held that the district court may entertain a motion for attorney's fees after a notice of appeal has been filed in the underlying case."); *Gov't Emps. Ins. Co. v. Glassco Inc.*, No. 8:19-CV-1950-KKM-JSS, 2023 WL 3435766, at *2 (M.D. Fla. Apr. 27, 2023), *report and recommendation adopted*, 2023 WL 3434085 (M.D. Fla. May 12, 2023) (same); *Palmyra Park Hosp., Inc. v. Phoebe Putney Mem'l Hosp., Inc.*, 688 F. Supp. 2d 1356, 1358 (M.D. Ga. 2010) (citing *Rothenberg*, 677 F.2d at 65) ("The Eleventh Circuit has expressly held that a district court may entertain a motion for attorneys' fees after a notice of appeal has been filed in the underlying case. Based on Eleventh Circuit authority, therefore, this

4

Court determines that it possesses jurisdiction over Defendants' Motion for Attorneys' Fees despite the underlying case currently being on appeal.").[3]

This argument is therefore rejected.

### 2. *Local Rules Compliance*

Plaintiffs next argue that Defendants failed to comply with Local Rules 7.1 and 7.3. This violation, argue Plaintiffs, centers on Defendants' ostensible failure to confer with Plaintiffs before filing the pending Motion.

This argument also lacks merit. As an initial matter, Defendants include a certificate of conferral that they exchanged emails with Plaintiffs to resolve the issues in the Motion. Specifically, Defendants invited Plaintiffs to confer about the Motion, and Plaintiffs responded that "[g]iven the current procedural posture of the case, specifically the appeal and the District Court's divestment of jurisdiction over the subject matter, my attendance at this meeting is not necessary." [D.E. 362-4].

Consequently, we have no support for Plaintiffs' argument that Defendants refused to confer; to the contrary, we have evidence of Defendants' communication with Plaintiffs. [*Id.*]. Plaintiffs' argument, therefore, is rejected.

---

[3] Plaintiffs also suggest that the Court should stay disposition of this Motion until the appeal is resolved. In support, however, Plaintiffs do not explain why the Court should exercise their discretion in that unique manner. Without a showing that Plaintiffs are likely to succeed on the merits of their appeal or suffer irreparable harm, Plaintiffs have not even approached carrying their onerous burden. *See Guzy v. QBE Specialty Ins. Co.*, No. 20-23169-CIV, 2022 WL 1202876, at *2 (S.D. Fla. Apr. 22, 2022) (providing that to stay a matter pending appeal, courts assess four factors: "(1) whether the movant is likely to prevail on the merits of its appeal; (2) whether the movant will suffer irreparable harm absent a stay; (3) whether the opposing party will suffer substantial harm if the stay is issued; and (4) whether the stay is adverse to public interest").

5

### B. *Entitlement*

We will now assess Defendants' entitlement to attorneys' fees. Defendants seek attorneys' fees for five claims: Count I (brought under 42 U.S.C. § 3601), Counts II through IV (brought under §718, Fla. Stat.), and Count VI (brought under Florida common law).

#### 1. *42 U.S.C. § 3601*

Plaintiffs' first claim was for housing discrimination, brought under the Fair Housing Act. Under 42 U.S.C. § 3613(c)(2), "the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee and costs" under the Fair Housing Act. To exercise that discretion, the Court must find that "plaintiff's claims [are] 'frivolous, unreasonable, or groundless.'" *Fair Hous. Ctr. of Greater Palm Beaches, Inc. v. Shutters Condo. Ass'n, Inc.*, No. 08-81566-CIV, 2011 WL 13172602, at *2 (S.D. Fla. Feb. 9, 2011), *report and recommendation adopted*, No. 08-81566-CIV, 2011 WL 13172603 (S.D. Fla. Feb. 28, 2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)); *Roy v. Bd. of Cnty. Comm'rs*, No. 3:06CV95/MCR/EMT, 2011 WL 4904410, at *5 (N.D. Fla. Sept. 27, 2011), *report and recommendation adopted*, 2011 WL 4904409 (N.D. Fla. Oct. 14, 2011) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)) ("A court may award attorney's fees under § 1988 (or, as in this case, § 3613(c)(2)) to a prevailing defendant if the court finds that the 'action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'").

The same standard is applied for fees petitions brought under 42 U.S.C. § 1981, § 1982, § 1985, and § 1985, as well as § 760.01, Fla. Stat. *See Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 885 (11th Cir. 2017) (quoting *Christianburg*, 434 U.S. at 422) ("In civil rights cases, a district court may award attorney's fees to the prevailing defendant—even in the absence of bad faith—if the court 'finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'"); *Yoder Bros. v. Weygant*, 973 So. 2d 625, 626 (Fla. 2d DCA 2008) (noting that a prevailing defendant cannot recover attorneys' fees under the Florida Civil Rights Act unless "a plaintiff's claim is frivolous, unreasonable, or groundless").

"In determining whether a claim is frivolous, [the Court] views the evidence in the light most favorable to the non-prevailing plaintiff." *Barnes v. Zaccari*, 592 F. App'x 859, 872 (11th Cir. 2015). Further, "the district court 'must focus on the question [of] whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1176 (11th Cir. 2005) (quoting *Sullivan v. Sch. Bd. Of Pinellas County*, 773 F.2d 1182, 1187 (11th Cir. 1985)).

In their Motion, Defendants make no effort to demonstrate that Plaintiffs' Fair Housing Act claim was frivolous. Rather, they assert that the Court should award fees merely because Defendants prevailed. This, of course, is not the standard. We will, however, consider the arguments made in Defendants' earlier Rule 11 motions

7

(even though those motions were not renewed) to assess whether Plaintiffs' claim is frivolous.

Defendants first assert that Count I is frivolous because Defendants did not know that Plaintiff was transgender or black until after the lawsuit was filed. Thus, Defendants argue, any allegations that Defendants had knowledge of Plaintiff's gender or race before the lawsuit was filed were baseless.

Plaintiffs, meanwhile, argue that Defendants were aware of Plaintiff's gender and race through "readily available public information" and "extensive background checks" that Defendants performed before Plaintiffs purchased the relevant unit. Further, Plaintiffs allege that co-Defendant Charles Brumsted ("Mr. Brumsted"), was "vocal about" his "hostility" towards Plaintiffs based on race and gender, and Defendants interacted often with Mr. Brumsted. Thus, Plaintiffs argues that while they were not privy to Defendants' private communications, they had a reasonable basis to allege that Defendants knew of Plaintiffs' race and gender through their alleged communications with their co-Defendants.

We agree with Plaintiffs that, although Defendants ultimately succeeded in dismissing Plaintiff's Count I, it was not frivolous to allege that Defendants knew of Plaintiffs' gender and race. Plaintiffs have made a showing that, based on Mr. Brumsted's allegedly outspoken vitriol towards Plaintiff's gender and race, and based on a purported line of communication between Defendants and Mr. Brumsted, it was not frivolous to allege (before the benefit of complete discovery) that Defendants knew about Plaintiff's gender and race. Defendants fail to carry their burden of showing

8

that these allegations are "so lacking in arguable merit as to be groundless or without foundation." *See Sullivan*, 773 F.2d at 1188.

Thus, because Defendants have not carried their burden of showing frivolousness, interpreting the evidence in the light most favorable to Plaintiff, Defendants' Motion is denied on this score. *See Fair Hous. Ctr. of Greater Palm Beaches, Inc.*, 2011 WL 13172602, at *3 (declining to "exercise discretion to allow an award" of attorneys' fees in a civil rights case where the prevailing party failed to show frivolousness, unreasonableness, or groundlessness); *see also Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 952 (11th Cir. 1999) (denying motion for attorneys' fees in a civil rights case because the plaintiff's claim was not "so factually or legally groundless as to constitute a frivolous lawsuit from the outset"); *Boler v. Space Gateway Support Co. LLC*, 290 F. Supp. 2d 1272, 1280 (M.D. Fla. 2003) (noting that, in this context, courts "have been reluctant to award fees unless the plaintiffs refused to acknowledge clear precedent or asserted a claim which was based knowingly on a nonexistent interest").

Defendants also argue that Plaintiff's first claim is frivolous "because the Eleventh Circuit does not recognize a hostile housing environment [claim] under the FHA." But while the Eleventh Circuit has not explicitly recognized such a cause of action, that does not make Plaintiff's claim per se frivolous.

Indeed, we are hesitant to find Plaintiffs' claim to be frivolous on this basis "unless [P]laintiffs refuse[d] to acknowledge clear precedent." *Boler*, 290 F. Supp. 2d at 1285; *see also Lozman v. City of Riviera Beach*, No. 08-80134-Civ-Hurley, 2012 WL

9

12855579, at *3 (S.D. Fla. July 25, 2012), *report and recommendation adopted*, 2012 WL 12855461 (S.D. Fla. Sept. 21, 2012) ("Courts have typically been reluctant to award attorney's fees for frivolous claims 'unless the plaintiffs refused to acknowledge clear precedent or asserted a claim which was based knowingly on a nonexistent interest.'") (internal citation omitted).

Here, Defendants have not shown that (1) precedent exists that explicitly forecloses Plaintiff's "hostile housing environment claim," and (2) Plaintiff has materially ignored that precedent. And in fact, Plaintiffs provided authority to strengthen their argument that "hostile housing environment" claims are, on balance, cognizable under the FHA (or at least not per se frivolous). *See Noah v. Assor*, 379 F. Supp. 3d 1284, 1288 (S.D. Fla. 2019) (collecting cases to support finding that "sexual-harassment based sex discrimination claims are actionable under the Fair Housing Act").

Thus, Defendants' Motion is denied on this score, as Defendants have failed to carry their hefty burden of proving Plaintiffs' claim was "entirely without foundation" or that Plaintiffs ignored clear precedent. *Hamilton*, 700 F. App'x at 885.

Accordingly, as to Plaintiffs' Fair Housing Act claim, Defendants are not entitled to an award of attorneys' fees.

### 2. *Condominium Act Claims (Chapter 718, Fla. Stat.)*

Defendants also seek fees and costs for claims brought under Chapter 718, Fla. Stat. Specifically, Plaintiffs allege violations of: § 718.111(12)(b) and (c) (Count II); § 718.303 (Count III); and §§ 718.110, 718.303, and 718.123 (Count IV).

10

Section 718.303 provides:

(1) Each unit owner, tenant and other invitee, and association is governed by, and must comply with the provisions of, this chapter, the declaration, the documents creating the association, and the association bylaws which are expressly incorporated into any lease of a unit. Actions at law or in equity, or both, for failure to comply with these provisions may be brought by the association or by a unit owner against:
   (a) The association.
   (b) A unit owner.
   (c) Directors designated by the developer, for actions taken by them before control of the association is assumed by unit owners other than the developer.
   (d) Any director who willfully and knowingly fails to comply with these provisions.
   (e) Any tenant leasing a unit, and any other invitee occupying a unit.
The prevailing party in any such action … is entitled to recover reasonable attorney fees.

Here, each of the three relevant claims (Claims II, III, and IV) were explicitly asserted under Chapter 718. Further, each of the claims explicitly alleged violations of Chapter 718. For example, Count II alleges that the Association "has not made [documents and records] available … for inspection in violation of § 718.111(12)(b) and (c)." [D.E. 176 at ¶ 203]. Count III, meanwhile, sought to accuse Defendants of violating association bylaws (and therefore violating §§ 718.303 and 718.123) when Defendants ostensibly fined Plaintiffs and banned then from common spaces. [D.E. 317 at 22–23]. And Count IV alleged that Defendants, in violation of Chapter 718, "illegally refused to cooperate in the lease approval process for qualified tenants." [D.E. 176 at ¶ 227].

Plainly, then, each of these three claims invokes Chapter 718. Moreover, Defendants plainly were the prevailing party on each of these claims, evidenced by

11

this Court's order and the Final Judgment entered in their favor. [D.E. 317, 318]. Plaintiffs, meanwhile, have presented no compelling argument as to why Chapter 718's straightforward attorneys' fees provision should not apply, given Defendants unambiguous success on Claims II through IV. Accordingly, we find that Defendants are entitled to their reasonable attorneys' fees for prevailing on Claims II through IV. *See Viler v. Universal Prop. & Cas. Ins. Co.*, 386 So. 3d 941, 944 (Fla. 4th DCA 2024) (awarding attorneys' fees to the prevailing party under section 718.303(1)); *Zambrano v. Indian Creek Holdings, LLC*, No. 09-20453-Civ-Huck, 2009 WL 4546634, at *2 (S.D. Fla. Nov. 30, 2009) (same).

### 3. Negligence Claim

Defendants also assert that they are entitled to fees for Plaintiffs' common law negligence claim (Count VI). But Defendants provide no statutory or contractual basis for why they should receive fees on that score. Accordingly, Defendants' Motion is denied to the extent it seeks attorneys' fees for Count VI of Plaintiffs' Second Amended Complaint. *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010) (establishing that under the "bedrock principle known as the 'American Rule,'" "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise").

### C. <u>Costs</u>

Defendants then seek taxable costs for each of the five claims on which they prevailed. As for the Florida law claims, Defendants seek costs under § 57.041(1), Fla. Stat. Under that statute "[t]he party recovering judgment shall recover all his or her

12

legal costs and charges which shall be included in the judgment ….." As for the Fair Housing Act claim, Defendants seek costs under Federal Rule 54 and 28 U.S.C. § 1920.

Here, Defendants indisputably prevailed on each of the five claims (I, II, III, IV, and VI). Plaintiffs do not meaningfully contest that Defendants prevailed, nor do Plaintiffs otherwise demonstrate why Defendants should not be entitled to costs. Accordingly, we find that Defendants are entitled to reasonable costs for their efforts in prevailing on claims I, II, III, IV, and VI.

### D. *Amount of Fees and Costs*

As we have found that Defendants are not entitled to fees for Count I and Count VI, it is difficult for the Court to discern what portion of Defendants' billing records (and total fee amount) stems from Counts II through IV. Consequently, within fourteen days of this Order, Defendants shall file a supplemental motion for attorneys' fees and costs. That motion should address the amount of attorneys' fees to which Defendants are entitled for Counts II through IV, and should also renew Defendants' Bill of Costs. Defendants, of course, need not address entitlement to fees and costs in that supplemental motion.

We also note that, in the pending briefing, Plaintiffs argue that Defendants impermissibly seek fees for a separate proceeding. Because that argument relates to the ultimate amount in fees and costs (not entitlement), Plaintiffs may renew that argument in their response to Defendants' forthcoming, supplemental motion.

### III.   CONCLUSION

For the reasons set forth above, Defendants' Motion for Attorneys' Fees and Costs is **GRANTED in part** and **DENIED in part**. Defendants are entitled to a reasonable attorneys' fee for Claims II, III, and IV of Plaintiffs' Second Amended Complaint. Further, Defendants are entitled to costs for Claims I, II, III, IV, and VI.

Within fourteen days of this Order, Defendants shall file a supplemental motion for attorneys' fees. That motion should address the amount of fees to which they are entitled as per this Order. The motion also should comply with Local Rule 7.3 in so far as the parties should confer by the date it is filed or at least within seven days thereafter to reach agreement, partial or otherwise, as to the amount of reasonable fees permitted by this Order.

Further, to the extent that any party seeks to object to the contents of this entitlement Order, they may include those objections in response to our Final Report and Recommendation on Defendants' forthcoming supplemental fees motion.  The time period for filing any appeal/objections to this entitlement Order is hereby TOLLED until filing disposition on the Supplemental Motion that will be filed.  This way the parties' rights to de novo review of this Order are preserved in the interests of judicial economy.

**DONE and ORDERED** in Chambers at Miami, Florida this 30th day of July, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge