**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 20-22318-CV-WILLIAMS**

KANAYO DERHEM, *et al*.,

     Plaintiffs,

v.

BAY HOUSE MIAMI CONDOMINIUM ASSOCIATION, *et al.*,

     Defendants.

_____/

**<u>OMNIBUS ORDER</u>**

**THIS MATTER** is before the Court on Magistrate Judge Edwin G. Torres' Reports and Recommendations ("***Reports***") (DE 426; DE 427) on Defendants Sean Zahniser ("***Mr. Zahniser***"), Mike Desimone ("***Mr. Desimone***"), Bay House Miami Condominium Association (the "***Association***"), James Pinkert ("***Mr. Pinkert***"), Joshua Paul ("Mr. Paul"), and Alejandro Enrique Utrera Badenes ("***Mr. Utrera***") (collectively, the "***Condominium Defendants***") and Defendant Charles Brumsted, Jr.'s ("***Mr. Brumsted, Jr.***" and, collectively with the Condominium Defendants, "***Defendants***") Motions for Attorneys' Fees (DE 386; DE 387) (collectively, the "***Supplemental Motions***"). In the Reports, Judge Torres recommends granting the Supplemental Motions in part. (DE 426 at 24; DE 427 at 21).

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006)

(cleaned up). Under the Southern District of Florida Local Rules, objections must also cite to the relevant supporting legal authority. S.D. Fla. Mag. J. R. 4(b). Here, the Parties timely filed objections to the Report. Upon review of the Reports, the objections, and for the reasons set forth below, this Court adopts Judge Torres' Reports.

## I.      BACKGROUND

This case has taken on a Jarndyce-esque quality.[1] The original complaint was filed on June 3, 2020 (DE 1) and now, 441 docket entries later, the matter of prevailing party fees is before the Court. The Court will offer an abbreviated history of the matter: Plaintiff Kanayo Derhem ("**Ms. Derhem**") initiated this lawsuit premised on allegations of race and gender-based housing discrimination, along with violations of Florida's condominium laws. After Defendants filed motions to dismiss the complaint (DE 27; DE 28; DE 29; DE 30), Ms. Derhem amended her complaint (DE 35). Defendants then filed motions to dismiss the amended complaint (DE 45; DE 46; DE 47; DE 48; DE 51; DE 70). The Court held a hearing on these motions (DE 144) and granted the motions in part (DE 148). Then, on January 24, 2022, Ms. Derhem filed a Second Amended Complaint (DE 176), adding a co-plaintiff, Mojtaba E. Koosej ("**Mr. Koosej**" and, together with Ms. Derhem, the "**Plaintiffs**").  Eventually, the Court granted Defendants' motion for summary judgment (DE 317) and entered a final judgment in their favor (DE 318).

After the final judgment was entered, Defendants moved for attorneys' fees (DE 362; DE 357). The Court referred these motions to Judge Torres "for any appropriate action authorized by law." (DE 376). Judge Torres granted the motions in part and

---

[1] In his novel, *Bleak House*, Charles Dickens describes *Jarndyce v. Jarndyce*: an interminable case that gradually consumes the lives of the parties involved. Charles Dickens, *Bleak House* (Penguin Books 2003) (1853).

ordered Defendants to "file a supplemental motion for attorneys' fees and costs." (DE 383; DE 384). Defendants filed supplemental motions for attorneys' fees (DE 386; DE 387), and Judge Torres issued his respective Reports, recommending that Plaintiffs should pay $173,985.85 to the Condominium Defendants (DE 426 at 24-25) and $111,875.40 to Mr. Brumsted, Jr. (DE 427 at 21). This recommendation reflects a 40% reduction in the fees asked for by Defendants. Judge Torres further ordered that Mr. Koosej should be jointly liable for fees incurred after the filing of the Second Amended Complaint but held that, since Mr. Koosej was not a party to the litigation before the Second Amended Complaint, he should not be liable for "litigation in which he did not participate." (DE 426 at 20; DE 427 at 20).

Ms. Derhem and Defendants filed objections to the Report. The Condominium Defendants, in their amended objections[2] (DE 431), argued that the Report (DE 426) "unreasonably reduced the quantum of Defendants' prevailing party attorneys' fees request by forty-percent[.]" (DE 431 at 1). They further objected to Judge Torres' finding that Mr. Koosej should not be liable for fees incurred before the Second Amended Complaint, arguing that "[a]lthough [Mr.] Koosej was added as a party after [the filing of the Second Amended Complaint], he was an indispensable party, maintained joint strategy, and shared counsel." (*Id.* at 2). Similarly, Mr. Brumsted, Jr. argued that Judge Torres' "40% reduction sliced too far into favoring those responsible for the mess to begin with." (DE 430 at 1-2). Ms. Derhem's objections, on the other hand, urge the Court to reject the Reports or, in the alternative, "stay these proceedings pending the resolution of related state court jury trial litigation . . . as well as the pending federal appeal." (DE

---

[2] Defendants timely filed objections (DE 428) but later amended the objections (DE 431). The Court reviewed both documents and finds that there are no substantive differences between them.

436 at 1). Mr. Koosej, meanwhile, did not file objections but filed a motion to strike parts of the Condominium Defendants' objections (DE 433) and filed a response in opposition to Mr. Brumsted, Jr.'s objections (DE 434).

## II.     LEGAL STANDARD

When a magistrate judge issues a report and recommendation, the district court must undertake a *de novo* review of the findings to which any party files timely objections. *See* 28 U.S.C. § 636(b)(1)(C). A *de novo* review compels the district court to "give fresh consideration to those issues to which specific objection has been made[.]" *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (internal quotations and citations omitted). Accordingly, because the parties timely filed their objections to Judge Torres' Reports, the Court has conducted a *de novo* review of the issues inherent to the objections.

## III.    DISCUSSION

### A.  Plaintiff Derhem's Objections

Ms. Derhem raises several points in her objections. First, she argues that Defendants should not be considered "prevailing parties" and therefore cannot be awarded prevailing party fees. (DE 436 at 2). Next, she claims that "[t]he record is replete with evidence of systemic racism, sexism, transphobia, and classism perpetrated by [Defendants]." (*Id.* at 3). Based on the record, Ms. Derhem also argues that public policy precludes awarding fees to Defendants. Ms. Derhem further argues that the Report, despite its recommendation to reduce fees by 40%, fails to address "wrongful conduct" by defense counsel. (*Id.* at 4-5). Finally, Ms. Derhem urges the Court to stay the matter pending the resolution of her federal appeal and related state litigation.

The Court first addresses whether it is appropriate to grant attorney fees during the pendency of an appeal. It is. *See, e.g.*, *Domond v. PeopleNetwork APS*, 750 F. App'x 844, 847 (11th Cir. 2018) ("After a notice of appeal has been filed, the district court retains jurisdiction to rule on motions that are collateral to the merits, including motions for attorney's fees."); *Pretka v. Kolter City Plaza II Inc.*, 2013 WL 7219294, at *1 (S.D. Fla. Sept. 11, 2013) (denying Plaintiffs' request "to stay resolution of the award of costs and attorney's fees pending the appeal of the judgment entered for Defendant."); *King Cole Condominium Ass'n v. QBE Ins. Corp.,* No. 08-CV-23350, 2010 WL 3212091, at * 1 (S.D. Fla. Aug. 12, 2010) ("The Court's regular practice . . . is not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit."); *Houston Specialty Ins. Co. v. Vaughn*, No. 14-CV-01187, 2017 WL 11474045, at *5 (M.D. Fla. July 24, 2017) (while a court may exercise discretion to defer ruling on a motion for attorneys' fees pending appeal, "the pendency of [an] [a]ppeal does not preclude an award of attorney's fees.") Accordingly, considering well-established precedent allowing courts to rule on motions for attorneys' fees notwithstanding the pendency of an appeal, this Court will not stay its ruling solely because Ms. Derhem is currently appealing the final judgment before the Eleventh Circuit.[3]

Next, Ms. Derhem argues that the Court should stay an award of attorneys' fees because she is currently engaged in state court litigation against the Defendants over

---

[3] The Court will, however, **stay the collection** of the prevailing party fees until Ms. Derhem's appeal is resolved. *See, e.g.*, *Sheely v. MRI Radiology Network P.A.*, No. 05-CV-61240, 2006 WL 8432119, at *2 (S.D. Fla. Aug. 21, 2006) ("While the Court may be inclined to stay collection of costs, the Court will not stay the award of costs."); *White v. Alcon Film Fund, LLC*, No. 1:13-CV-1163, 2015 WL 11199163, at *2 (N.D. Ga. Jan. 30, 2015) (explaining that a court "has discretion to withhold an award.");

substantially similar issues. (DE 436 at 2). Ms. Derhem points out that the state court "denied summary judgment" for Defendants because there were genuine disputes of material fact. Plaintiff does not offer any caselaw to support her request for a stay. Instead, "[t]he general rule is that the pendency of a parallel state proceeding is no bar to proceedings concerning the same matter in a federal court having jurisdiction." *Barone v. Wells Fargo Bank, N.A.*, 709 F. App'x 943, 947 (11th Cir. 2017). Put simply, this Court is not stripped of its jurisdiction to order legal fees and costs simply because there is parallel litigation in state court. Indeed, the fees and costs at issue before the Court concern Ms. Derhem's conduct in the federal system and are unrelated to a parallel state litigation. Accordingly, Ms. Derhem's request for a stay is denied.

Ms. Derhem also argues that Defendants were not "prevailing parties" and, therefore, are not entitled to prevailing party fees.[4] (DE 436 at 2). As noted *supra*, the Court granted summary judgment in this case on September 23, 2024. (DE 317). There is, however, "no question that a party in whose favor the district court granted summary judgment is a prevailing party for purposes of [Fed. R. Civ. P] 54(d)(1)." *Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) (internal quotations omitted) (quoting *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995)); *see also Kubiak v. S.W. Cowboy, Inc.*, No. 3:12-CV-1306, 2017 WL 1080000, at *6 (M.D. Fla. Mar. 22, 2017) (explaining that "a party can be considered a 'prevailing party' due to the entry of summary judgment on a claim in that party's favor.") The Court finds that Defendants are prevailing parties

---

[4] In support of this argument, Ms. Derhem points the Court to *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 412, 98 S. Ct. 694, 696, 54 L. Ed. 2d 648 (1978), for the proposition that prevailing party fees in civil rights cases are only available if "the plaintiff's action was frivolous, unreasonable, or without foundation." The court in *Christiansburg*, however, confined its holding to Title VII proceedings. Accordingly, the Court does not consider this argument further.

for the purposes of Rule 54(d)(1) and are entitled to fees and costs.

Ms. Derhem further argues that Judge Torres created a "mandate" for himself to address wrongful conduct by defense counsel. In the paperless order denying Ms. Derhem's motion for sanctions, (DE 403), Judge Torres found that Ms. Derhem's motion was "meritless on its face because the characterization of the relatedness of the state law action cited in the motion . . . does not rise to the level of vexatiousness . . . nor evidence of bad faith sufficient to trigger any sanctions . . . [and] Plaintiff's case was far more impacted by other failures having little to do with counsel's characterizations." While Judge Torres stated that the "Court will address any [issues relating to defense counsel's wrongful conduct] in the disposition of the motion for fees itself," he did not promise Ms. Derhem any particular action or outcome. Ms. Derhem's characterization of Judge Torres' 40% reduction as "generic" and inadequate, is therefore untenable.

Finally, Ms. Derhem argues that the Court should refrain from granting a fee award because of public policy concerns. Public policy concerns, however, cannot impact the Court's calculation of prevailing party fees. *See Gray ex rel. Alexander v. Bostic*, 720 F.3d 887, 899 (11th Cir. 2013) (public policy concerns should not affect a court's determination of fee awards because "[t]he deterrence of civil rights violations . . . is accomplished by a multitude of other facts, including: the expense and other burden of protracted litigation, the possibility of compensatory damages . . . and the threat of punitive damages."). For these reasons, the Court adopts Judge Torres' Report notwithstanding Ms. Derhem's objections.

B.  Defendants' Objections

Defendants collectively argue two points: Judge Torres' 40% fee reduction is

inappropriate, and Mr. Koosej should be jointly liable for the entirety of the fees. (DE 431 at 3; DE 430 at 2). The Court considers these arguments in turn.

First, awarding legal fees and costs to a prevailing party is a matter "within the Court's discretion." *Fireman's Fund Ins. v. Tropical Shipping & Const.,* 254 F. 3d 987, 1012 (11th Cir. 2001). Moreover, the Court "has wide discretion in determining the *amount* of reasonable attorney's fees to be awarded." *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983)) (internal quotations omitted) (emphasis added). Judge Torres found that "a 40% reduction [in legal fees and costs] is appropriate . . . [because] the central claim that dominated this litigation was Plaintiff's federal housing discrimination claim . . . with much of the substantive briefing (and its accompanying research, strategy, and correspondences) geared toward that claim and its theories." (DE 426 at 16; DE 427 at 16-17). According to Judge Torres, "award[ing] the entirety of the requested fee amount would be to award a huge portion of fees related to Count I . . . [while a 40% reduction] still awards [Defendants] with the bulk of [the] fee award, but within a reasonable range of fairness given the need to deduct the healthy portion of work that went towards the non-recoverable claims." (*Id.*). The Court agrees.

The Condominium Defendants and Mr. Brumsted, Jr. argue that a 40% reduction is inappropriate. According to the Condominium Defendants, they "already reduced their time to excise Count I from the remaining entries" so the 40% reduction is a "double reduction." (DE 431 at 3). The Condominium Defendants further claim that Judge Torres erred in finding that the instant litigation centered on discrimination, because the discrimination claims were pretextual (*Id.* at 2). Mr. Brumsted, Jr. sets forth similar

arguments: that the 40% reduction amounts to a double reduction and that Plaintiffs "packaged their suit under the guise of discrimination." (DE 430 at 2). Yet, upon review of the invoices submitted in the Supplemental Motions, it is clear to the Court that Defendants' best attempts to excise the discrimination work is not quite sufficient.[5] Moreover, notwithstanding Defendants' characterization of the discrimination claim as pretextual, the Court reviewed the record and agrees with Judge Torres that the discrimination claim dominated the early contours of this matter. Accordingly, the Court adopts Judge Torres' recommended 40% reduction of costs for Defendants.

Next, the Court finds that Mr. Koosej should not be liable for fees incurred prior to his introduction as co-plaintiff. Mr. Koosej became a party to this litigation when the Second Amended Complaint was filed. (DE 176). "The term 'party' to an action includes all who are directly interested in the subject matter, and who have a right to make defense, control the pleadings, examine and cross-examine witnesses, and appeal from the judgment." *Sheba Ethiopian Rest., Inc. v. DeKalb Cnty., Georgia*, 820 F. App'x 889, 897 (11th Cir. 2020) (quoting *State Bar of Ga. v. Beazley*, 256 Ga. 561, 350 S.E.2d 422, 424 (1986)). While Defendants argue that Mr. Koosej is an "indispensable party," that status involves the question of appropriate joinder and is irrelevant at this late stage of litigation. (DE 430 at 17-18; DE 431 at 15-16). Even if, as Defendants argue, Mr. Koosej "should have been named as a Plaintiff at the inception of this case," the fact remains that he was not. (DE 431 at 16). Accordingly, even if he conferred with Ms. Derhem, he did not—and, indeed, could not—have any control over this litigation until he was added

---

[5] As just one example: the invoice attached to Mr. Brumsted, Jr.'s Supplemental Motion starts off with an entry purporting to review Ms. Derhem's complaint "for discrimination in housing practices (45 pages). (DE 387-1 at 4). This entry does not appear to reflect any attempt to divorce time spent on Count I from time spent on the other Counts.

as a party in the Second Amended Complaint. The Court agrees with Judge Torres' well-reasoned Reports, where he recommends that Mr. Koosej should be jointly and severally liable only for fees incurred on or after January 28, 2022.

## IV.   CONCLUSION

Upon a *de novo* review of the Report, the objections, the record, and applicable law,  it is **ORDERED AND ADJUDGED** as follows:

1.   Judge Torres' Reports (DE 426; DE 427) are **AFFIRMED AND ADOPTED**.

2.   Defendants' Supplemental Motions (DE 386; DE 387) are **GRANTED IN PART AND DENIED IN PART**.

3.   The Condominium Defendants are awarded $173,985.85 in attorneys' fees, and Mr. Koosej is jointly and severally liable for $60,560.31 of that amount. Defendants are also awarded $5,108.78 in taxable costs, and both Plaintiffs are jointly and severally liable for this amount.

4.   Mr. Brumsted is awarded $111,875.40 in attorneys' fees, and Mr. Koosej is jointly and severally liable for $49,338.90 of that amount.

5.   Plaintiff's Motion to Strike Objections (DE 433) is **DENIED**.

6.   Plaintiff's Motion to Stay Execution of Judgment (DE 435) is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 6th day of March, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE